WILLIAM LINCOLN *et al.*, Plaintiffs in Error, *v.* THE PEOPLE, Defendants in Error.

ERROR TO TAZEWELL.

Where the witnesses may be mistaken in identifying the accused, by reason of a slight acquaintance with him, and an *alibi* is clearly proven by other witnesses, who give their residence and occupation, so that the truth or falsity of their testimony may be inquired into on another trial, the court will give the accused the benefit of a second trial.

THIS was an indictment, found against David and William Lincoln, for the larceny of a large iron gray horse. The defendants pleaded not guilty.

The testimony in the case was as follows:

*John Smith* testified that a large iron gray horse was stolen out of his pasture, in Tazewell county, near Groveland, on the night of the 29th of September last.

*A. J. Davis.* Had a horse stolen the same night—a strawberry roan.

*B. G. Roe.* Was slightly acquainted with the defendants. I saw them in Groveland, Tazewell county, on the 29th of September, 1857—that I supposed to be the defendants. I was not then acquainted with them. They were there the evening before the horses were stolen. Hinman and I were in the street. The men I have spoken of came up to Hinman and made some inquiries—I do not know what. I cannot say how they were dressed; think they had on dark clothes; one had a drab hat, the other a cap. They went south, on foot. I saw William Lincoln at the examination, and recognized him as one of the men I had seen at Groveland. I also recognized Joseph Lincoln as one of the same.

*George Hinman.* I think I saw these defendants in Groveland the night before the horses were stolen. One of them asked me if I knew of any person that wanted to hire hands, and showed me a paper with name of Brown upon it. I told them I could show them where Brown lived, but they said it was too late to go there that night. They were dressed in black, I think. One had whiskers, the other had not. I had no acquaintance with the defendants. I do not know that I ever saw either of them before I saw them in Groveland. I saw William Lincoln at the examination, and saw Joseph Lincoln on the side-walk. I recognized them both as the same men I saw in Groveland the night before the horses were stolen.

*John Griffith.* I saw the defendants at my house, in Groveland, the evening before the horses were stolen. They stopped but a few minutes. I saw William at Greely's, at the examination, and recognized him as one I had seen at Groveland. I never saw the other man until I saw him at court. They were dressed in dark clothes. I never knew either of the defendants before I saw them at Groveland.

*Robert Samuels,* sworn. Said he resided in Bath, Mason county. Did not know the defendants. Saw a couple of horses, of the description mentioned, pass through Bath some time about the last of September, 1857. There are two persons here answering the description of the persons having the horses. I believe the defendants to be the same persons. I think I saw

Joseph, a year ago, in Havana; he looks like the same man. One horse was a strawberry roan, one a large iron gray. They rode past my house in a walk. I had never seen them before. Both had on dark clothes. I only saw them as they passed. I think they are the same men, but am not certain.

*Henry Welch.* I live seven miles below Bath. I saw two horses, ridden by two men, about the 1st of October, 1857. One was an iron gray horse, the other a strawberry roan. The horses bore the description given by the witnesses. I do not know the men; they were dressed in black. The defendants look like the same men, but I am not certain; was not nearer then forty yards to them.

*Moses Dooley*, called for defendants. I live in Mason county, about five miles north-east of Havana. I know Joseph Lincoln. I saw him first the 26th of September, 1857. On the 29th and 30th of September, I hired him to help me cut corn that I had agreed to cut for Jacob S. Brown. He staid at Jacob S. Brown's from the 26th of September till the 5th of October. He was at my brother's sale, with me, on the 1st day of October.. I know it was the 26th he came there, because my brother's sale was on the 1st of October. I slept with him every night he was there. I have lived in Mason county thirteen years. I have never talked with the defendants or their counsel.

*Jacob S. Brown*, sworn on the part of the defendants. I have known the defendants since they were children. Joseph Lincoln came to my house on the 26th of September last, and staid there about ten days. He was there every day and night. The defendants came to this State about three years ago. Witness' wife was a relation of defendants.

*W. R. Phelps*, for the people. I was living at Moscow, in Mason county, in September last. About a mile below that place, about the 1st or 2nd of October last, I saw two men come into the road ahead of me, one riding a roan horse, the other an iron gray; the largest was riding the gray. Defendants look like the same men.

*Amos Smith*, sworn. I do not know the defendants. I saw William Lincoln in Jersey county in November. He had whiskers on then. I arrested him. He was very anxious to get shaved.

The jury found the defendants guilty. The defendants moved for a new trial, which was overruled, to which the defendants excepted.

James Roberts, and A. L. Davison, for Plaintiffs in Error.

W. Bushnell, District Attorney, for the People.

CATON, C. J.   We think this case should be submitted to another jury.   The witnesses who express the opinion that the persons whom they saw at Groveland on the occasion before the horses were stolen, and express the opinion that the prisoners are the same persons, had no previous acquaintance with them, and had never seen them before, and might have been mistaken in their identity; and those who saw the persons riding the stolen horses, had less opportunity of observing them, and were still more likely to be mistaken.   On the other hand, the witnesses, Dooley and Brown, who prove the *alibi*, could not possibly be mistaken in what they swore to.   Unless their testimony is all unmitigated perjury, the prisoners are not guilty.   These witnesses give their residence and occupation, and state circumstances, which, upon another trial, will enable it to be shown whether they have told the truth or a falsehood.   We think that safety and justice require that the cause should be again tried.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*